IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JARED M. SMITH, # K-58441,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**TERRY GRISSOM, A. KUFORIJI,** )<br>**PENNY GEORGE, WARDEN LUCE,** )<br>**WARDEN BARWICK,** )<br>**MATTHEW WALLS, KESS ROBERSON,** )<br>**CONNIE HOUSTON,** )<br>**TRAVIS WENTWORTH,** )<br>**ROB JEFFREYS, DAVE WHITE,** )<br>**TRAVIS BAYLER, JOHN DOES #1 & #2,** )<br>**and JOHN BALDWIN,** )<br>)<br>**Defendants.** ) | Case No. 20-cv-1219-NJR |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jared M. Smith is currently incarcerated at Vienna Correctional Center ("Vienna"). He filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on November 9, 2020. He claims that the Illinois Department of Corrections ("IDOC") has been unlawfully imprisoning him since April of 2015 when his 12-year sentence imposed in Vermilion County Case No. 09-CF-570 expired. (Doc. 1-1, pp. 19, 22, 26-27). He seeks money damages for the allegedly excessive incarceration and requests an order releasing him from prison. (Doc. 1-1, p. 31).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

1

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### *In Forma Pauperis* Motion

Smith has filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) seeking leave to proceed in this case without prepayment of the Court's usual $402.00 filing fee in a civil case.[1] *See* 28 U.S.C. § 1914(a). Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment in forma pauperis ("IFP"), "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Notably, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

A review of documents filed in the electronic docket of this Court and the Public

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $52.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

Access to Court Electronic Records ("PACER") website (www.pacer.gov)[2] reveals that during his imprisonment, Smith has had three cases dismissed pursuant to 28 U.S.C. § 1915A or § 1915(e)(2)(B) on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: *Smith v. Roberson*, Case No. 17-cv-3092-JES (C.D. Ill. dismissed Sept. 21, 2017); *Smith v. Walsh*, Case No. 17-cv-3105-JES (C.D. Ill. dismissed Sept. 21, 2017); and *Smith v. City of Danville*, Case No. 17-cv-2323-CSB (C.D. Ill. dismissed Jan. 5, 2018).[3] Because Smith has three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

"Imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

---

[2] Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[3] This Court has previously informed Smith that it determined the dismissal of *Smith v. City of Danville*, Case No. 17-cv-2323-CSB (C.D. Ill.) counts as a "strike." *See Smith v. IDOC*, Case No. 18-cv-142-DRH (S.D. Ill., Doc. 5); *Smith v. IDOC*, Case No. 18-cv-497-NJR (S.D. Ill., Doc. 11) (revoking IFP status).

Smith's IFP motion claims that he is in imminent physical danger but does not elaborate. (Doc. 2, p. 1). His Complaint focuses on his claim of "false imprisonment" for which Smith seeks payment for each day he has been held beyond what he asserts should have been his out date in April 2015. (Doc. 1-1, pp. 19-20, 31). He then mentions an assault that occurred while he was in a different prison, an assault by an ultrasound technician at Vienna, and his longstanding complaints of pain in his chest, back/spine, kidneys, and groin.[4] (Doc. 1-1, pp. 20-21). Finally, Smith asserts that he has diminished lung volume and is in fear for his life because he believes he is or may be exposed to the coronavirus (COVID-19) in Vienna. (Doc. 1-1, p. 21).

The fact that Smith is in prison, even if he is entitled to release as he claims, does not constitute imminent danger of serious physical injury that would justify allowing him to proceed IFP in this action. The assaults are past injuries that Smith does not claim are likely to recur, thus they do not warrant an exception to the three strikes rule. Smith's complaints of pain are being addressed in pending Case No. 19-cv-260-SMY and do not provide a reason to grant IFP in this case.

Smith's possible exposure to COVID-19 at Vienna is the only remaining claim that might amount to imminent danger of serious physical injury. But that alleged danger is only tangential to Smith's key claim of false imprisonment. Further, the Court observes that Smith recently filed another lawsuit in this Court, *Smith v. Jeffreys, et al.*, Case No. 21-

---

[4] Those complaints of undiagnosed/untreated chest pain and other pain issues are the subject of another pending lawsuit brought by Smith in this Court, in which the Court found he could be in imminent danger of serious physical injury and granted his IFP motion. *Smith v. Wexford Health Services, et al.*, Case No. 19-cv-260-SMY (Doc. 11).

cv-17-SMY,[5] in which he states he became ill in October 2020 with symptoms that included loss of taste and smell, high fever, sweating, chills, and body aches. He was never tested for COVID-19 but 4 other inmates in his wing were diagnosed with COVID-19 and one died. (See Doc. 1, pp. 24-25 in Case No. 21-cv-17-SMY). Smith recovered, and his Complaint indicates he believes he was ill with COVID-19. Relevant to the present lawsuit, Smith's possible exposure to reinfection with COVID-19 is speculative. Further, that exposure is not the primary reason that Smith is seeking release and damages in this action – instead, his claim is grounded upon the theory that the IDOC made a mistake in determining the length of his sentence.[6] Accordingly, the Court concludes that Smith has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g). His motion to proceed IFP in this case will be denied.

## Merits of the Complaint

Ordinarily, when a struck-out prisoner is denied leave to proceed IFP, the Court will give him/her the opportunity to pay the full filing fee if he still wishes to pursue the case. However, Smith's Complaint in this case does not state a claim upon which relief may be granted and is subject to dismissal on the merits.

---

[5] Smith filed Case No. 21-cv-17-SMY on January 8, 2021, and it is awaiting initial merit screening.
[6] This Court reached the same conclusion as to Smith's IFP request in *Smith v. IDOC*, Case No. 18-cv-497-NJR, in which Smith raised an identical argument that the IDOC was unlawfully holding him in prison based on an allegedly erroneous June 24, 2010 judgment reflecting a 27-year sentence from Vermilion County. (Doc. 11 in Case No. 18-cv-497-NJR, S.D. Ill. March 29, 2018). That case was dismissed after Smith failed to pay the filing fee.

First, release from custody is not an available remedy in a civil rights action brought under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (habeas corpus is the proper route for a prisoner seeking release from custody). Smith may seek release via a habeas corpus action, but he must first exhaust his remedies by seeking release in state court and appealing any adverse decision to the highest state court of review before filing a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Smith does not indicate that he has done so here. In Illinois, a state mandamus action is an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See* 735 ILL. COMP. STAT. 5/14-101 *et seq.*; *Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). Because Smith disputes the validity of the mittimus which imposed a 27-year sentence and insists that the judge instead sentenced him to only 12 years, he may find it necessary to seek relief in the court where he was convicted.[7]

Secondly, Smith may not maintain an action for money damages based on his allegedly excessive incarceration unless he has first obtained a court order overturning or invalidating the judgment under which he is currently imprisoned. *See Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars a civil rights lawsuit for damages if a judgment in favor of the prisoner would necessarily imply that the judgment of conviction is

---

[7] The Court makes no comment on the merits or timeliness of any state court petition/motion that Smith may bring regarding his sentence.

invalid. That is the case here—any payment to Smith for the days he claims he was wrongfully held in prison would directly contradict the validity of the order imposing the 27-year sentence which he has not yet fully served.

To summarize, even if Smith were to pay the full filing fee in this case (which he does owe because he brought this action), the Court would be required to dismiss the Complaint—and the entire action—for failure to state a claim upon which relief may be granted. The Complaint improperly seeks release from incarceration in a civil rights action, and it cannot proceed on the damages claim because of the *Heck* doctrine. Due to the nature of Smith's claims and the lack of any indication that Smith has succeeded in overturning or invalidating his 27-year sentence, amendment of the Complaint would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (leave to amend need not be granted if it is clear that any amendment would be futile); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). For these reasons, this case shall be dismissed.

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff Jared M. Smith's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**. It is **FURTHER ORDERED** that Smith shall pay the full filing fee of $402.00 for this action. Smith shall be assessed an initial partial filing fee under the formula set forth in 28 U.S.C. § 1915(b)(1)(A)-(B), and thereafter will make monthly payments of 20% of his preceding month's income until the $402.00 fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to transmit a copy of this Order to the Trust Fund Officer at Vienna Correctional Center.

**IT IS FURTHER ORDERED** that this entire action is **DISMISSED without**

**prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A; *see also Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (*Heck*-barred claim should be dismissed without prejudice so plaintiff may pursue it in the event the underlying conviction or sentence is invalidated). The Court counts this dismissal as another "strike" for Smith under the provisions of 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

If Smith wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Smith plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Smith does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Smith may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  May 7, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

8